UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

R.E.R., et al.,

    Plaintiffs

v.

Clark County School District, et al.,

    Defendants

Case No. 2:24-cv-00984-CDS-NJK

**Order Granting in Part Plaintiffs' Petition for Approval of Minors' Compromise**

[ECF Nos. 40, 42, 44, 45]

On January 31, 2025, plaintiffs filed a Petition for Approval of Minor's Compromise. ECF Nos. 40; 44 (sealed).[1] The court held a hearing on the petition on February 13, 2025. ECF No. 47. As stated on the record during that hearing, the court finds the proposed settlement as set forth in the petition to be fair and reasonable for both minor plaintiffs. *See Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978) (requiring district courts to consider if the proposed distribution to each minor plaintiff is fair and reasonable in light of the facts of the case, the minor's specific claim, and recovery in similar cases). Thus, for the reasons set forth on the record, and for good cause appearing, the petition **[ECF Nos. 40, 44]** is granted in part,[2] as follows. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Defendants must pay $9,500,000.00 to settle R.E.R.'s claims.
2. R.E.R.'s settlement funds must be paid and disbursed as follows:

    a.     $250,000 to be paid by the Clark County School District within thirty days of the Court's approval of this petition, made payable to Sgro & Roger, Attorneys at Law, In Trust for R.E.R., for the purpose of establishing a blocked trust account, with the funds to be released for the future benefit of R.E.R as ordered by this Court.

---

[1] Plaintiffs also filed a motion to seal the petition (ECF No. 42) and a stipulation for an expedited ruling on the petition and related filings (ECF No. 45). For the reasons stated on the record during the February 13, 2025, hearing on the petition for minors' compromise, both are granted.

[2] Plaintiffs request for attorney's fees is deferred for further review, as set forth in this order. Thus, this motion is only granted in part at this time.

      b.     $96,022.75 to be paid by the Clark County School District within thirty days of the Court's approval of this petition, made payable to Sgro & Roger, Attorneys at Law, for payment of expert and other litigation related costs incurred by the plaintiffs in support of the instant litigation.

      c.     $5,353,977.25 to be paid by the Clark County School District for the purpose of funding a structured settlement providing for future periodic payments payable to R.E.R. as described in the Petition for Compromise of Minors' Claims filed in this matter on January 31, 2025.

3. Defendants must pay $100,000.00 to settle R.J.R.'s claims.

4. R.J.R.'s settlement funds must be paid and disbursed as follows:

      a.     $60,000.00 to be paid by the Clark County School District, made payable to Sgro & Roger, Attorneys at Law, In Trust for R.J.R., within thirty days of the Court's approval of this petition, for the purpose of establishing a blocked trust account, with funds to be released for the future benefit of R.J.R. as ordered by the Court.

5. Petitioners are relieved of the requirement to file complete copies of R.E.R.'s and R.J.R.'s medical records.

6. Authorization to establish the blocked trust for the benefit of R.E.R. is hereby given to Sgro & Roger, Attorneys at Law, or its representative.

7. Authorization to establish the blocked trust for the benefit of R.J.R. is hereby given to Sgro & Roger, Attorneys at Law, or its representative.

8. Funds deposited in the blocked account established for the benefit of R.E.R. must not be liquidated or diminished prior to R.E.R. reaching eighteen years of age, unless prior Court approval is obtained, upon a showing that the withdrawal is in the best interest of R.E.R. A final accounting will be made prior to the release of funds upon R.E.R.'s eighteenth birthday.

9. Funds deposited in the blocked account established for the benefit of R.J.R. must not be liquidated or diminished prior to R.J.R. reaching eighteen years of age, unless prior Court approval is obtained, upon a showing that the withdrawal is in the best interest of R.J.R. A final accounting will be made prior to the release of funds upon R.J.R.'s eighteenth birthday.

10. Sgro & Roger, Attorneys at Law must file with this Court, proof that the blocked trust accounts, as described herein, have been established within thirty days after receiving the proceeds of the compromise.

11. Petitioners are not required to post a bond or surety in this or any other jurisdiction.

12. This Court retains jurisdiction to make any further orders that it may deem necessary and appropriate with respect to this matter.

IT IS FURTHER ORDERED that, for the reasons set forth on the record during the February 13, 2025, hearing, plaintiffs must submit supplemental briefing on their request for attorney's fees on or before March 6, 2025. Any response or opposition from defendants is due fourteen days after plaintiffs' brief is filed.

IT IS FURTHERED ORDERED that plaintiff's motion to seal and the parties' stipulated requested for an expedited ruling **[ECF Nos. 42, 45] are GRANTED.**

Dated: February 20, 2025

_____
Cristina D. Silva
United States District Judge