UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

R.E.R., et al.,

        Plaintiffs

v.

Clark County School District, et al.,

        Defendants

Case No. 2:24-cv-00984-CDS-NJK

**Order Granting Plaintiffs' Motion for Attorney's Fees and Motion to Seal**

[ECF Nos. 51, 53, 54]

On January 31, 2025, plaintiffs filed a petition for approval of minor's compromise. ECF Nos. 40; 44 (sealed).[1] The court held a hearing on the petition on February 13, 2025. Mins. of proceedings, ECF No. 47. For the reasons set forth on the record during that hearing, the court found the proposed settlement as set forth in the petition to be fair and reasonable for both minor plaintiffs and granted the petition in part, and deferred ruling on plaintiffs' request for attorney's fees. *See* Order, ECF No. 48. In the order granting the petition in part, I ordered the plaintiffs to file supplemental briefing in support of their requested attorney's fees. *Id.* at 1, n. 2. On March 20, 2025, plaintiffs filed their supplemental brief. Supp. br., ECF No. 51; Errata, ECF No. 54. In conjunction with the filing of the supplemental brief, plaintiffs moved to file unredacted exhibits under seal.[2] Mot. to seal, ECF No. 53. On March 31, 2025, the defendants filed a response to the supplemental briefing. Resp., ECF No. 55. For the reasons set forth herein, the court grants plaintiffs' request for attorney's fees and motion to seal.

---

[1] Plaintiffs also filed a motion to seal the petition (ECF No. 42) and a stipulation for an expedited ruling on the petition and related filings (ECF No. 45). For the reasons stated on the record during the February 13, 2025, hearing on the petition for minors' compromise, both motions are granted.

[2] There is a "strong presumption" in favor of public access to judicial records, and a party seeking to seal judicial records must identify "compelling reasons" that outweigh the "public interest in understanding the public process." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-1180 (9th Cir. 2006). Here, plaintiffs seek to redact certain exhibits to protect the identifies of the plaintiffs. The court finds the redactions are necessary to protect the identity of the plaintiffs, which include minors, so plaintiffs have provided a compelling reason to redact these documents, which outweighs the presumption favoring access to them. *See Kamakana*, 447 F.3d 1172 (explaining the good-cause and compelling-reason standards for sealing judicial records and documents). Accordingly, plaintiffs' motion to seal is granted.

I.    Discussion

As a threshold matter, I find that the plaintiffs complied with Local Rule 54-14, which requires any application for attorney's fees to include an attorney affidavit,[3] "[a] reasonable itemization and description of the work performed[,]" and "[a] brief summary" of thirteen categories of information designed to elicit more information about the case and the work that the attorney performed. LR 54-14(a). Indeed, plaintiffs' supplemental brief addresses each of the thirteen categories. *See* ECF No. 54 at 16–31. Based on the additional information provided by plaintiffs, they have now met the requirements set forth in Local Rule 54-14 for seeking attorney's fees and provided the court enough information to evaluate the requested fees applying the *Brunzell*[4] factors.

The court does take note, however, of the defendants' response to the plaintiffs' supplemental brief and errata. Resp., ECF No. 55. Therein, the defendants note the filing is not an attempt to undermine the agreement between the parties, but rather was filed to clarify the record. *Id.* at 2–3. As explained by the defendants, by entering into the settlement with the plaintiffs, they neither admitted nor conceded liability on any claim, nor conceded that the named defendants were the appropriate parties to the litigation. *Id.* Rather, the settlement was "settled prior to trial and prior to Plaintiffs' proof obligations as to liability under any legal theory," *id.* at 2, and further, as stated in the settlement itself, the agreement was "intended to settle the litigation of [the] injury without further expense and without admission to Plaintiffs' theories of liability . . . ." *Id.* at 3. For clarity, the court also notes that granting the plaintiffs' motion for attorney's fees following the plaintiffs' supplemental briefing neither changes the explicit language of the settlement agreement, nor serves as a finding that: (1) plaintiffs established liability for any claim, (2) defendants conceded liability for any claim, (3) defendants conceded that their defenses were insufficient, or (4) the named defendants were properly named by plaintiffs.

---

[3] *See* Att'y affs., ECF Nos. 51-8, 51-9, 51-10.
[4] *Bruznell v. Golden Gate Nat. Bank*, 455 P.2d 31 (Nev. 1969).

## II. Conclusion

THEREFORE, IT IS HEREBY ORDERED that the prior order granting in part plaintiffs' petition for minor's compromise (ECF No. 48) is incorporated into this order.

IT IS FURTHER ORDERED that Clark County School District is ordered to pay $3,800,000.00 in attorney's fees, within thirty days of this order, made payable to Sgro & Roger, Attorneys at Law, which represents forty percent of R.E.R.'s gross recovery, pursuant to a contingency fee agreement between Sgro & Roger, Attorneys at Law and plaintiffs.

IT IS FURTHERED ORDERED that plaintiffs' motion to seal **[ECF No. 53]** is **GRANTED**. The Clerk of Court is directed to maintain the seal on Exhibits 1 and 2 in support of plaintiffs' supplemental brief (ECF Nos. 52, 52-1, 52-3), until further order of the court.

Dated: July 21, 2025

_____
Cristina D. Silva
United States District Judge