UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

R.E.R., et al.,

Plaintiffs

v.

Pat Skorkowsky, et al.,

Defendants

Case No. 2:24-cv-00984-CDS-NJK

**Order Granting Plaintiffs' Petition to Disburse Funds From Minor's Blocked Trust Account**

[ECF Nos. 67, 68]

Plaintiff petitioners V.R. and D.R., legal guardians of minor child R.E.R., petition to withdraw $122,000 from the blocked trust account belonging to R.E.R. ECF No. 68. I held a hearing on the matter to fully determine whether these funds are for R.E.R's use and benefit and whether the proposed expenditures are for R.E.R.'s academic, health, or counseling needs, or another compelling need. The court has a special duty to safeguard R.ER.'s interests, which extends to the funds in the blocked account. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (holding that "[d]istrict courts have a special duty . . . to safeguard the interests of litigants who are minors."). Having evaluated the proposed expenditures, the plaintiffs' petition to disburse funds from the minor's blocked trust account **[ECF Nos. 67, 68] is granted**.

(1) City National Bank located at 6085 W. Twain Avenue, Las Vegas, NV 89103 is hereby ordered to disburse $122,000.00 to the petitioners from the court blocked account ending in 3319 which was established for the benefit of R.E.R.

(2) The petitioners may use the disbursed funds solely for the purchase of the following:

(a) One 2026 Chevrolet Express passenger van;
(b) One 2026 Forest River Salem 31KQBTS travel trailer; and
(c) Payment of the costs associated with a twenty-four-month Outschool membership, including the purchase of up to 800 credits per month for R.E.R.'s participation in online educational courses, not to exceed $10,000.00.

(3) The petitioners must file proof by December 28, 2026, that the funds disbursed pursuant to paragraphs 2(a) and 2(b) of this order have been expended in accordance with this order.

(4) With respect to the funds authorized pursuant to paragraph 2(c), the petitioners must file proof of such expenditures in the final accounting filed with this court prior to the release of the remaining funds in R.E.R.'s court blocked account upon her eighteenth birthday, as described in Section 6, below.

(5) No additional funds may be disbursed from R.E.R.'s court blocked account prior to R.E.R reaching 18 years of age, unless prior court approval is obtained, upon a showing that the withdrawal is in the best interest of R.E.R. A final accounting must be made prior to the release of funds upon R.E.R.'s eighteenth birthday.

(6) Any funds disbursed pursuant to paragraphs 2(a) and 2(b) that remain unexpended after the authorized purchases have been completed must be re-deposited into R.E.R.'s court blocked account by December 28, 2026.

(7) Any funds disbursed pursuant to paragraph 2(c) that remain unexpended upon completion of the authorized twenty-four-month Outschool membership must likewise be re-deposited into R.E.R.'s court blocked account.

(8) The petitioners must file further proof within ninety days after R.E.R.'s eighteenth birthday demonstrating that titles to the Chevrolet Express passenger van and the Forest River Salem 31KQBTS travel trailer have been transferred to R.E.R.

(9) This court will retain jurisdiction to make any further orders that this court may deem necessary and appropriate with respect to this matter.

Dated: September 28, 2026

_______________________________
Cristina D. Silva
United States District Judge